UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN BELL,<br><br>　　　　　　Petitioner,<br><br>　v.<br><br>FRED FIGUEROA,<br><br>　　　　　　Respondent. | Case No. ED CV 15-00383 FMO (RAO)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records and files herein, and the Magistrate Judge's Report and Recommendation ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner objected. The Court hereby accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.

　　　Petitioner argues in his objections that the Magistrate Judge's analysis of 28 U.S.C. § 2244(d)(1)(D) in the Report is incorrect. *See* Plaintiff's Objections ("Pl. Obj.") at 7-8, Dkt. No. 31. Petitioner argues that the Magistrate Judge's analysis is contrary to *Hasan v. Galaza*, 254 F.3d 1150 (9th Cir. 2001), because, according to Petitioner, the "court failed to consider at what point [he] discovered (or could have discovered) that he was prejudiced" by the allegedly ineffective assistance of trial, sentencing, and appellate counsel. Pl. Obj. at 7. Petitioner argues that "[b]ecause

1   there is no evidence in the record from which it can be determined when [through]
2   the exercise of due diligence [he] might have discovered the factual predicate to
3   support the prejudice prong of his ineffective assistance of counsel claim[,]" this
4   case must be remanded for factual findings on that issue. *Id*. The Court disagrees.
5        In *Hasan*, Willie Bernard ("Bernard") approached a juror in Hasan's trial,
6   asked that juror if he was on the Hasan jury, and handed the juror a piece of paper
7   that said "be sure to call me." *Hasan*, 254 F.3d at 1152. Hasan's counsel knew of
8   and mentioned the exchange in his motion for a new trial after Hasan's conviction,
9   but did not interview the juror, mention jury tampering in his argument, or request a
10  continuance to investigate. *Id*. Hasan contended that had counsel investigated, he
11  would have learned that Bernard was romantically involved with a witness for the
12  prosecution in Hasan's trial, a fact Hasan learned after his conviction. *Id*. at 1152-
13  53. The prosecution, by contrast, had argued in its memorandum responding to the
14  motion for a new trial that "Bernard had no connection with [Hasan]'s case in any
15  way whatsoever" and that there was no showing of juror misconduct. *Id*. at 1154.
16       The district court denied Hasan's petition as untimely, holding that because
17  Hasan knew that Bernard had passed a note to a juror and that counsel had failed to
18  demand an inquiry into possible juror tampering, he had enough facts at that time to
19  raise ineffective assistance of counsel. *Id*. at 1153. The Ninth Circuit reversed,
20  finding that only when Hasan learned of the relationship between Bernard and the
21  trial witness did he have reasonable grounds to assert that had counsel investigated,
22  he would have learned of the relationship and been able to contest the prosecution's
23  claims. *Id*. at 1154. "Only then did Hasan have a good faith basis for arguing
24  prejudice-that is, that had his counsel investigated and brought [the] information
25  before the trial court, the trial court may have ordered a new trial." *Id*. at 1154.
26  Because the record evidence was insufficient to determine when, with the exercise
27  of due diligence, Hasan could have discovered the relationship at issue, the Ninth
28  Circuit remanded for further factual findings on that issue. *Id.* 1155.

Petitioner argues that *Hasan* directs the Court to order further factual development on the issue of when he "discovered the factual predicate to support the prejudice prong of his ineffective assistance of counsel claim." Pl. Obj. at 7. However, Petitioner's argument fails because, unlike in *Hasan*, he has not alleged (nor does it appear that he could, in good faith, allege) that he became aware of new facts after the date on which his conviction became final under the Antiterrorism and Effective Death Penalty Act (*i.e.*, the date on which the California Court of Appeal formally dismissed his appeal, *see* Report and Recommendation at 4, Dkt. No. 24) necessary to make a good faith argument as to prejudice. *See* Pl. Obj. at 7-8. In fact, Petitioner states that he "discovered the factual predicate for the claim of ineffective assistance of counsel on appeal that was ultimately denied on 05-14-2013; *At the conclusion of those proceedings*." *Id*. at 7 (emphasis added). Because Petitioner has not alleged the existence of any new material facts unavailable to him until after the date on which his conviction became final, *Hasan* is inapplicable.

    The Court finds that Plaintiff's argument does not affect or alter the analysis and conclusions in the Report. IT IS THEREFORE ORDERED that the Petition is denied and Judgment shall be entered dismissing this action with prejudice.

DATED: November 20, 2015

                                                      /s/
                                  FERNANDO M. OLGUIN
                                  UNITED STATES DISTRICT JUDGE